Robert N. Phillips (SBN 120970)
Email:  robphillips@reedsmith.com
Adaline J. Hilgard (SBN 173213)
Email:  ahilgard@reedsmith.com
Seth B. Herring (SBN 253907)
Email:  sherring@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Plaintiffs
MERSCORP Holdings, Inc. and Mortgage
Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERSCORP HOLDINGS, INC., a Delaware corporation, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MERS, INC, a California Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS), a California corporation,<br><br>Defendants. | No.: _____<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;**<br><br>**(2) FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(A);**<br><br>**(3) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. AND PROF. CODE § 17200**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiffs MERSCORP Holdings, Inc. ("MERSCORP") and Mortgage Electronic Registration Systems, Inc. ("Mortgage Electronic") allege as follows:

**PARTIES**

1. MERSCORP is a Delaware corporation with its principal place of business located in Reston, Virginia and is registered as a foreign corporation with the California Secretary of State.

2. Mortgage Electronic is a Delaware corporation, a subsidiary of MERSCORP, with its principal place of business located in Reston, Virginia, and is registered as a foreign corporation with the California Secretary of State.

3. Defendant MERS, INC is a California corporation with a listed principal place of business in Oakland, California.

4. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS) is a California corporation with a listed principal place of business in Oakland, California.

**JURISDICTION**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367. Plaintiffs' claims are predicated upon 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), and substantial and related claims under the law of the State of California.

**VENUE**

6. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

**INTRADISTRICT ASSIGNMENT**

7. This is an intellectual property action and therefore shall be assigned on a district-wide basis per Civil L.R. 3-2(c).

**PLAINTIFFS' TRADEMARKS**

8. The MERS® brand was originally established in 1995. [1]Plaintiff MERSCORP owns and operates the MERS® System database, a national electronic registry system that tracks the

---

[1] Mortgage Electronic Registration Systems, Inc. was originally incorporated in October of 1995. MERSCORP Holdings, Inc. (formerly MERSCORP, Inc.) as we know it today was incorporated on June 30, 1998 as a stock corporation called "New MERS." The existing corporation, Mortgage Electronic Registration Systems, Inc. that was incorporated in October 1995 was merged into "New MERS" and the name retained was Mortgage Electronic Registration Systems, Inc.  A name change was then done from Mortgage Electronic Registration Systems, Inc. to MERSCORP, Inc. at the end

1 changes in servicing rights and beneficial ownership interests in mortgage loans that are registered
2 on the MERS® System database.

3    9.   The MERS® System database is the only national database that provides free public
4 access to servicer information for registered home mortgages.  The MERS® System database is also
5 used by local governments around the nation to identify parties responsible for maintaining vacant
6 properties and addressing code violations.   The MERS® System database benefits mortgage
7 originators, servicers, warehouse lenders, wholesale lenders, retail lenders, document custodians,
8 settlement agents, title companies, insurers, investors, county recorders and consumers.

9    10.   The Plaintiffs have continuously used the trade name MERS in connection with these
10 services since 1995.

11   11.   Plaintiff Mortgage Electronic, a wholly-owned subsidiary of MERSCORP, serves as
12 the mortgagee of record and nominee for the beneficial owner of mortgage loans registered on the
13 MERS® System database.

14   12.   Mortgage Electronic has used the MORTGAGE ELECTRONIC REGISTRATION
15 SYSTEMS, INC. trade name continuously with these services since 1995.

16   13.   MERSCORP owns the federal trademark registration for the MERS® word mark,
17 which was issued to Mortgage Electronic on or about July 29, 1997 (U.S. Trademark Registration
18 No. 2,084,831) (the "MERS® Mark") and is attached hereto as Exhibit A.  The MERS® Mark
19 became incontestable on or about August 23, 2003.  The MERS® Mark and all accompanying
20 goodwill was assigned to MERSCORP on February 27, 2012.  The assignment was recorded on July
21 25, 2012, and is attached hereto as Exhibit B.

22   14.   From at least as early as July 1997 to the present, Plaintiffs have continuously used
23 the MERS® Mark in commerce in connection with their mortgage registration services.  Specifically,
24 for nearly twenty (20) years, MERS has served as the mortgagee for mortgage loans that are
25 recorded in nationwide public land records, and has marketed its services using the MERS®

---

of 1998.  It was at this time that the wholly-owned subsidiary of MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc. was incorporated.  In February of 2012, MERSCORP, Inc. was renamed MERSCORP Holdings, Inc.

– 3 –
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

trademark. Over 92 million loans have been registered on the MERS® System database, including several million loans in California. MERS also has promoted its electronic registration services on its Internet website located at http://www.mersinc.org. As a result, Plaintiffs have developed considerable goodwill in the MERS® mark.

**DEFENDANTS' WILLFUL INFRINGEMENT**

15. On or about December 16, 2015, an individual purportedly named Jack Lyles filed Articles of Incorporation with the California Secretary of State for "MERS, INC." On March 29, 2016, Mr. Lyles filed a Statement of Information with the California Secretary of State specifying that MERS, INC would be in the business of "loans." A certified copy of the Articles of Incorporation and Statement of Information for MERS, INC is attached hereto as Exhibit C.

16. In his application for MERS, INC, Mr. Lyles identified the corporate address as 248 3rd Street, #42, Oakland, California 94607. A packing, shipping, printing, and mailbox rental service business named Jack London Mail is located at that address. According the owner of Jack London Mail, mailbox number 42 does not exist at the business.

17. The owner of Jack London Mail has further confirmed that people confused into believing that MERS, INC is the same entity as, or associated with, the Plaintiffs have sent mail, including legal documents and documents associated with Plaintiffs' mortgage registration services, to the address Mr. Lyles identifed for the corporation. In addition, on information and belief, people have attempted to secure service of process on Plaintiffs and messenger delivery of materials to Plaintiffs at this address This mail is always returned to sender, and process servers and messengers are rejected.

18. On or about December 16, 2015, an individual purportedly named Connie Vargas filed Articles of Incorporation with the California Secretary of State for "MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS)." On March 29, 2016, Ms. Vargas filed a Statement of Information with the California Secretary of State specifying that MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS) would be in the business of "loans." A certified copy of the Articles of Incorporation and Statement of Information for MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS) is attached hereto as Exhibit D.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

19. In her application for MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS), Ms. Vargas identified the corporate address as 248 3rd Street, #429, Oakland, California 94607. As noted above, Jack London Mail is located at that address. According to the owner of Jack London Mail, mailbox number 429 is owned by someone unaffiliated with Defendants.

20. As confirmed by the owner of Jack London Mail, people confused into believing that MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS) is the same entity as, or associated with, the Plaintiffs have sent mail, including legal documents and documents associated with Plaintiffs' mortgage registration services, to the address Ms. Vargas identified for the corporation. In addition, on information and belief, people have attempted to secure service of process on Plaintiffs and messengers delivery of materials to Plaintiffs at this address. This mail is always returned to sender, and process servers and messengers are rejected.

21. The facts that the Defendant corporations have confusingly similar names to Plaintiffs and have been registered to false addresses has caused substantial confusion, and damage and irreparable harm to Plaintiffs, and threaten to continue to irreparably harm Plaintiffs. Defendants' unauthorized actions have caused, and are likely to further cause, confusion, mistake, and deception of Plaintiffs' customers, potential customers, parties in lawsuits, as well as members of the general public. Specifically, Defendants' use of corporation names confusingly similar to the MERS® Mark and MERSCORP and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. trade names has led, and is likely to lead, individuals to mistakenly conclude that Defendants' corporations are affiliated with, or are, Plaintiffs.

22. The mistake, confusion and deception Defendants have caused is causing damage and irreparable harm to Plaintiffs, depriving them of their right and ability to receive mail and service of process, and compromising and threatening their ability to conduct business, provide services and receive communications from a wide variety of individuals and companies with which Plaintiffs would normally interact in the ordinary course of their business.

23. Plaintiffs' reputation and goodwill are at grave risk. Among other things, Plaintiffs have a large volume of legal cases that they must manage and address. To conduct their business,

– 5 –
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  including, without limitation, their legal affairs and litigation, it is imperative, therefore, that they
2  received correspondence, legal notices, and service of process intended for them.  Misdirected mail
3  and missed service of process has resulted, among other things, in Plaintiffs not receiving legal
4  notices and missing important deadlines.  Defendants' unauthorized actions have damaged Plaintiffs
5  and caused irreparable harm, including but not limited to by causing mail related to Plaintiffs' legal
6  proceedings and mortgage registration services to be returned to sender and deadlines to be missed.
7  Defendants' unauthorized actions are likely to further cause damage to Plaintiffs' reputation and
8  goodwill.

9  24.  Finally, Defendants' unauthorized actions have caused Plaintiffs to spend money,
10  time, and other resources to investigate and mitigate the effects of Defendants' actions.

## COUNT ONE

**(Trademark Infringement, 15 U.S.C. § 1114 brought by MERSCORP against all Defendants)**

13  25.  Plaintiff MERSCORP realleges paragraphs 1 through 24 of this Complaint as if fully
14  set forth herein.

15  26.  MERSCORP owns all right, title, and interest in and to the MERS® Mark and has
16  standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

17  27.  Without MERSCORP's authorization, Defendants used the MERS® Mark in their
18  corporate names and in commerce.

19  28.  Defendants' use of the MERS® Mark constitutes trademark infringement pursuant to
20  15 U.S.C. § 1114.

21  29.  Upon information and belief, Defendants had actual and constructive knowledge of
22  MERSCORP's ownership and rights in the MERS® Mark prior to Defendants' infringing use of the
23  mark.

24  30.  Upon information and belief, Defendants used and continue to use the MERS® Mark
25  in commerce with actual knowledge of MERSCORP's rights and with actual knowledge that such
26  use was and continues to infringe MERSCORP's rights, all with the intention to cause confusion,
27  mistake and/or deception.

31. Defendants' use of the MERS® Mark has caused, and is likely to cause, confusion, mistake, or deception as to the affiliation, connection, source, sponsorship, or association of Defendants' corporations' association with MERSCORP and its products and services.

32. Upon information and belief, Defendants' intentional and willful infringement of the MERS® Mark has caused damage and will continue to cause damage to MERSCORP, and is causing substantial, immediate, and irreparable harm to MERSCORP for which there is no adequate remedy at law. Unless restrained by this Court, Defendants will continue to infringe the MERS® Mark. MERSCORP is thus entitled to permanent injunctive relief.

## COUNT TWO

**(False Designation of Origin, 15 U.S.C. § 1125(a) brought by Plaintiffs against all Defendants)**

33. Plaintiffs reallege paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Defendants have used and continue to use names that are substantially similar to the MERSCORP's and Mortgage Electronic's trade names in a manner that is likely to cause confusion, mistake, or deception as to the characteristics, qualities, sponsorship, affiliation, or approval of their corporations.

35. Upon information and belief, Defendants have intentionally and falsely designated the origin of their services with the intention of deceiving and misleading the public at large, and of wrongfully trading on the reputation and goodwill of Plaintiffs and their trade names.

36. Defendants' false designation of origin has caused damage and, unless enjoined, will continue to cause substantial, immediate, and irreparable damage to Plaintiffs, their business reputation, and their goodwill, for which there is no adequate remedy at law, which actions will continue unless restrained by this Court. Plaintiffs are thus entitled to temporary, preliminary, and permanent injunctive relief.

## COUNT THREE

**(Unfair Competition in Violation of Cal. Bus. and Prof. Code § 17200 brought by Plaintiffs against all Defendants)**

37. Plaintiffs reallege paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Defendants' wrongful acts described above constitute unfair competition in violation of California Business & Professions Code §17200 et seq. as they are likely to deceive and mislead the public.

39. Defendants' acts of unfair competition have caused and will continue to cause Plaintiffs irreparable harm. Plaintiffs have no adequate remedy at law for Defendants' unfair competition.

40. Plaintiffs are entitled to judgment enjoining and restraining Defendants from engaging in further acts of infringement and unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. A temporary restraining order, and preliminary and permanent injunctive relief, enjoining and prohibiting Defendants, or their agents, servants, employees, officers, attorneys, successors and assigns, and all others in active concert or participation with Defendants, from:

    i. Using the MERS® Mark, MERSCORP trade name, or MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. trade name, or any confusingly similar versions thereof, in commerce in the United States;

    ii. Holding an active corporation with the name MERS, INC or MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS) or any confusingly similar name; and

    iii. Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) and (ii) above;

and such orders further direct the California Secretary of State to:

iv. dissolve and/or cancel the incorporation for MERS, INC, entity no. C3851651, and MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS), entity no. C3851652; and

v. post an order and notice of the correct address for Plaintiffs to its public records for Defendants, including but not limited to its online registry of business entities.

C. An award of damages in an amount to be determined at trial;

D. An award of treble damages as provided by the Lanham Act, 18 U.S.C. § 1117(b);

E. An award of attorney's fees and costs;

F. An award of punitive damages in an amount to be determined at trial; and

G. Any further relief the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues in this case.

DATED: August 3, 2016                    Respectfully submitted,

                                         Reed Smith LLP

                                    By:  */s/ Robert N. Phillips*
                                         Robert N. Phillips (SBN 120970)
                                         Adaline J. Hilgard (SBN 173213)
                                         Seth B. Herring (SBN 253907)

                                         Attorneys for Plaintiffs
                                         MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware