UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MERSCORP HOLDINGS, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MERS, INC, et al.,<br><br>　　　　　Defendants. | Case No.  16-cv-04380-BLF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>[RE: ECF 12, 20] |

　　　　Defendants MERS, Inc and Mortgage Electronic Registration System, Inc. (MERS) appear to be bogus corporations with names that are confusingly similar to those of Plaintiffs MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc.  Plaintiffs filed this action on August 3, 2016, asserting trademark infringement and related claims, and they obtained a temporary restraining order ("TRO") on an ex parte basis shortly thereafter.  *See* Compl., ECF 1; Order Granting TRO, ECF 15.  The TRO enjoined Defendants from using Plaintiffs' marks and trade names and, specifically, from maintaining active corporations with the names MERS, Inc or Mortgage Electronic Registration System, Inc. (MERS).  TRO, ECF 16. Simultaneously with issuing the TRO, the Court issued an Order to Show Cause why a preliminary injunction should not be granted; set a hearing on the motion for preliminary injunction for September 20, 2016; directed that any opposition to the motion for preliminary injunction be filed two court days prior to the hearing; and ordered that Plaintiffs could effect service of process on Defendants by publication.  *Id.*

Plaintiffs thereafter filed proof of service on Defendants by publication. *See* POS, ECF 21. Defendants did not file written opposition to the motion for preliminary injunction or appear at the hearing on September 20, 2016. Plaintiffs filed a supplemental brief and appeared at the hearing through counsel. In their supplemental brief and at the hearing, Plaintiffs requested that in the event Defendants fail to comply with the Court's preliminary injunction, Plaintiffs be appointed as Defendants' authorized agents for the limited purpose of preparing, executing, and filing Certificates of Amendment of Articles of Incorporation with the California Secretary of State changing Defendants' corporate names. Plaintiffs represented that the office of the California Secretary of State had suggested this procedure and supported their request with citation to California statutory authority.

Accordingly, having found that Plaintiffs have satisfied the requirements for issuance of a preliminary injunction, the Court signed Plaintiffs' proposed order granting preliminary injunction immediately after the hearing on September 20, 2016. The Court issues the present order to set forth its reasons for granting the preliminary injunction in the detail required by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). For the reasons discussed below, Plaintiffs' motion for preliminary injunction is GRANTED.

**I.   BACKGROUND**

Because Defendants have failed to respond, all of the facts established by Plaintiffs in the course of obtaining the earlier TRO remain undisputed. Those facts are repeated here for the sake of convenience. Plaintiff MERSCORP Holdings, Inc. owns and operates the MERS® System database, "a national electronic registry system that tracks the changes in servicing rights and beneficial ownership interests in mortgage loans that are registered on the system." Marmion Decl. ¶ 2, ECF 12-4. The MERS® System database is the only national database that provides free information regarding the servicers of registered home mortgages. *Id.* The MERS® System database is used by local governmental entities to identify the parties responsible for maintaining vacant properties. *Id.*

Plaintiff Mortgage Electronic Registration System, Inc., a wholly-owned subsidiary of MERSCORP Holdings, Inc., serves as the beneficiary or mortgagee of record and nominee for the

beneficial owner of mortgage loans registered on the MERS® System database. Marmion Decl. ¶ 4.

While there have been various iterations of their company names over time, Plaintiffs have continuously used the trade names "MERSCORP" and "Mortgage Electronic Registration Systems, Inc." in connection with the above-described services since 1995. Marmion Decl. ¶ 2 and n.1. Additionally, Plaintiff MERSCORP Holdings, Inc. owns the federal trademark registration for the MERS® word mark, which was issued in 1997. *Id.* ¶ 6. That federal registration has obtained incontestable status. *Id.* ¶ 7 and Exh. C.

On December 16, 2015, an individual named Jack Lyles filed Articles of Incorporation with the California Secretary of State for "MERS, Inc," and on the same date an individual named Connie Vargas filed Articles of Incorporation with the California Secretary of State for "Mortgage Electronic Registration System, Inc. (MERS)." Marmion Decl. ¶ 10. On March 29, 2016, Statements of Information were filed with the California Secretary of State indicating that MERS, Inc and Mortgage Electronic Registration System, Inc. (MERS) would be in the business of "loans." *Id.* ¶ 11. The documents filed with the Secretary of State identified the corporate address of MERS, Inc as 248 3rd Street, #42, Oakland, California 94607, and the corporate address of Mortgage Electronic Registration System, Inc. (MERS) as 248 3rd Street, #429, Oakland, California 94607. *Id.* ¶ 12.

Plaintiffs retain a trademark monitoring vendor to provide alerts as to any suspected trademark infringement. Marmion Decl. ¶ 9. That vendor informed Plaintiffs of the incorporation of Defendants in California. *Id.* ¶ 10. In April and May 2016, Plaintiffs sent Defendants multiple cease and desist letters to the addresses set forth in their corporate registration records. *Id.* ¶¶ 13-14. All of the letters were returned as undeliverable. *Id.* ¶ 14. The street address provided in Defendants' corporate records is a business, Jack London Mail, which offers packing and mailing services as well as rental mailboxes. Nguyen Decl., ¶ 2. Mailbox number 42 – the registered address of MERS, Inc – does not exist. *Id.* ¶ 3. Mailbox number 429 – the registered address of Mortgage Electronic Registration System, Inc. (MERS) – does not belong to Connie Vargas or to an entity named Mortgage Electronic Registration System, Inc. (MERS). *Id.* ¶ 4. The owner of

1    Jack London Mail states that approximately six months ago, Jack London Mail began receiving
2    mail and service of process documents intended for Plaintiffs on a regular basis, generally once or
3    twice per week. *Id.* ¶¶ 5, 7. The mail is rejected and process servers are turned away. *Id.* ¶ 6.
4          Plaintiffs hired an investigator to locate Defendants. Phillips Decl. ¶ 3, ECF 12-3. The
5    investigator could not locate Jack Lyles, who is listed with the California Secretary of State as the
6    corporate officer for MERS, Inc *Id.* The investigator located a residential address and cellular
7    telephone number for a Connie Vargas, who is listed with the California Secretary of state as the
8    corporate officer for Mortgage Electronic Registration System, Inc. (MERS). *Id.* ¶ 4. However,
9    when Plaintiffs' counsel called the cellular telephone number, the woman who answered denied
10   being Connie Vargas and hung up. *Id.* ¶ 5.
11         Plaintiffs filed this action on August 3, 2016, alleging claims for: (1) trademark
12   infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a);
13   and (3) unfair competition under California Business & Professions Code § 17200. Plaintiffs
14   thereafter applied for an obtained a TRO on an ex parte basis, enjoining Defendants,
15   their officers, agents, servants, employees, and attorneys and all those in active concert or
16   participation with them from using Plaintiffs' marks or trade names. *See* TRO, ECF 16. As
17   outlined above, the Court granted Plaintiffs' request to effect service of process on Defendants by
18   publication, and Plaintiffs did effect service. *See* TRO, ECF 16; POS, ECF 21. The Court also set
19   a hearing on Plaintiffs' motion for preliminary injunction for September 20, 2016. Defendants did
20   not appear.

21   **II.   LEGAL STANDARD**

22         The standard for issuing a preliminary injunction is identical to the standard for issuing a
23   TRO. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir.
24   2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal.
25   1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may
26   only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555
27   U.S. at 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is
28   likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of

4

preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

### III. DISCUSSION

Applying these standards, the Court concludes that Plaintiffs are entitled to the requested preliminary injunctive relief.

#### A. *Winter Factors*

##### 1. Likelihood of Success

Plaintiffs have demonstrated a likelihood of success with respect to their claims for trademark infringement (Claim 1) and false designation of origin (Claim 2). Taking those claims in order, a plaintiff asserting trademark infringement must demonstrate that it "owns a valid mark, and thus a protectable interest" and that Defendants' "use of the mark 'is likely to cause confusion, or to cause mistake, or to deceive.'" *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196 (9th Cir. 2009) (quoting *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005); *see also* 15 U.S.C. § 1114(1)(a), (b). Plaintiffs have demonstrated that MERSCORP Holdings, Inc. owns the federal trademark registration for the MERS® word mark, which was issued in 1997. Marmion Decl. ¶ 6 and Exhs. A, B. The mark has become incontestable. *Id.* ¶ 7 and Exh. C.

"To determine whether a likelihood of consumer confusion exists, our court relies on the eight-factor *Sleekcraft* test, which reviews: (1) the strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, --- F.3d ----, 2016 WL 3770484, at *5 (9th Cir. July 14, 2016) (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49

(9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 (9th Cir. 2003)). "The factors are non-exhaustive and applied flexibly; the *Sleekcraft* factors are not intended to be a rote checklist." *Id.* (internal quotation marks and citation omitted).

Plaintiffs present evidence that the MERS® word mark has been used by MERSCORP Holdings, Inc. or its predecessors continuously since 1997 in connection with mortgage registration services, which include the MERS® System database (factor 1). Marmion Decl. ¶¶ 2, 6-8. Defendants filed Statements of Information with the California Secretary of State indicating that they would be in the business of "loans" (factor 2) and Defendants' company names are confusingly similar to the MERS® mark (factor 3). *Id.* ¶ 11. There is ample evidence of actual confusion in that mail, process servers, and delivery persons attempting to reach Plaintiffs have attempted to do so at Defendants' address of record (factor 4). *Id.* ¶¶ 17-18. Plaintiffs have not made a specific showing as to marketing channels used (factor 5), but the confusion regarding Plaintiffs' addresses suggests a low degree of care is likely to be exercised by consumers (factor 6). The closeness of Defendants' company names to the MERS® mark suggests an intent to confuse the public (factor 7). The likelihood of expansion of product lines is unknown (factor 8). This showing is sufficient to establish a likelihood of customer confusion and thus, in conjunction with Plaintiffs' showing of ownership of the MERS® word mark, is sufficient to establish a likelihood of success on the merits of Claim 1.

A plaintiff asserting false designation of origin based upon similar trade names must make virtually the same showing. *See Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1534 (1989) ("[T]he same broad standards of protection apply to trademarks and trade names."). "[L]ikelihood of confusion is unquestionably the key to a finding of infringement in either case." *Id.* at 1535. The Ninth Circuit has held specifically that the *Sleekcraft* test is an appropriate means for determining likelihood of confusion with respect to a claim for false designation of origin based upon similar trade names. *Id.* at 1536. Applying the *Sleekcraft* test here, Plaintiffs present evidence that they have continuously used the trade names "MERSCORP" and "Mortgage Electronic Registration Systems, Inc." in connection with mortgage related services since 1995

1  (factor 1).  Marmion Decl. ¶ 2 and n.1.  Defendants' company names are confusingly similar to
2  Plaintiffs' company names (factor 3).  Evaluation of the remaining factors is identical to the
3  evaluation performed above with respect to the trademark claim.  Accordingly, Plaintiffs have
4  demonstrated a likelihood of success on the merits of Claim 2.

### 2. Irreparable Harm

Plaintiffs have demonstrated that they will suffer irreparable harm absent issuance of the preliminary injunction.  For at least six months, a significant amount of mail intended for Plaintiffs has been misdirected to Jack London Mail, as have process servers and delivery personnel.  Marmion Decl. ¶ 17-19.  Plaintiffs are being irreparably harmed by these circumstances, as they are being deprived of their rights and ability to receive mail and service of process, which threatens their ability to conduct business.  *Id.* ¶ 19.  Plaintiffs' counsel notes specifically that Plaintiffs manage a large volume of legal cases, and their ability to meet important deadlines is impaired by the misdirected mail, process servers, and delivery personnel.  *Id.* ¶¶ 19-20.

### 3. Balance of Equities

As discussed above, Plaintiffs are suffering continuous harm as a result of Defendants' use of confusingly similar business names.  However, it does not appear that either of the defendant companies is a going concern, since Plaintiffs' diligent attempts to locate Defendants were unsuccessful and Defendants have failed to respond to this action, which was served on them by publication.  As a result, it is unclear how a preliminary injunction precluding Defendants from using their business names would cause them harm.

### 4. Public Interest

Public policy favors granting an injunction when there is a likelihood of consumer confusion.  *See Playboy Enterprises, Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982) ("In addition to the harm caused the trademark owner, the consuming public is equally injured by an inadequate judicial response to trademark infringement.").

Accordingly, Plaintiffs' motion for preliminary injunction is GRANTED.

### B. Security

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary

1  injunction or a temporary restraining order only if the movant gives security in an amount that the
2  court considers proper to pay the costs and damages sustained by any party found to have been
3  wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Ninth Circuit has "recognized that
4  Rule 65(c) invests the district court with discretion as to the amount of security required, *if any.*"
5  *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotation marks and citation
6  omitted) (italics in original). "The district court may dispense with the filing of a bond when it
7  concludes there is no realistic likelihood of harm to the defendant from enjoining his or her
8  conduct." *Id.*

9  As discussed above, it does not appear that either of the defendant companies is doing
10 business at this time, since Plaintiffs have been unable to locate them. Thus it does not appear that
11 enjoining Defendants from using their business names would cause them harm. Under these
12 circumstances, the Court finds it appropriate to issue the preliminary injunction without requiring
13 Plaintiffs to provide security.

### C.   Appointment of Plaintiffs as Defendants' Agents for Limited Purpose

15 In addition to requesting issuance of a preliminary injunction prohibiting Plaintiffs from
16 using their marks and trade names, Plaintiffs request that in the event Defendants fail to comply
17 with the preliminary injunction, Plaintiffs be appointed as Defendants' agents for the limited
18 purpose of preparing, executing, and filing Certificates of Amendment of Articles of Incorporation
19 with the California Secretary of State changing Defendants' corporate names. Plaintiffs submit
20 the declaration of their counsel Robert N. Phillips, who states that a senior attorney in the office of
21 the California Secretary of State suggested this procedure. *See* Phillips Decl. ¶ 2, ECF 20-1. The
22 procedure appears to be appropriate and authorized by California Corporations Code § 17713.06.

23 Plaintiffs' request for appointment as Defendants' agents, in the event Defendants fail to
24 comply with the preliminary injunction and for the limited purpose outlined above, is GRANTED.

### IV.   ORDER

26   (1)   Plaintiffs' motion for preliminary injunction precluding Defendants from using
27         Plaintiffs' marks and trade names is GRANTED. A separate order containing the
28         precise terms of the injunction was issued on September 20, 2016. *See* Preliminary

8

1 |       Injunction Order, ECF 23.

2   (2)  The preliminary injunction is granted without security.

3   (3)  In the event that Defendants fail to comply with the Preliminary Injunction Order (ECF 23) within fourteen days after its issuance, and in particular the portion of the injunction prohibiting Defendants from maintaining an active corporation with the name MERS, Inc or Mortgage Electronic Registration System, Inc. (MERS), Plaintiffs, through their in-house counsel Andrew Marmion, are appointed as authorized agents for Defendants for the limited purpose of preparing, executing, and filing Certificates of Amendment of Articles of Incorporation with the California Secretary of State changing Defendants' corporate names.

Dated: September 21, 2016

_____
BETH LABSON FREEMAN
United States District Judge