# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MERSCORP HOLDINGS, INC., et al., <br> Plaintiffs, <br> v. <br> MERS, INC,, et al., <br> Defendants. | Case No. 16-cv-04380-BLF <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT; AND VACATING HEARING ON MOTION** <br><br> [Re: ECF 27] |

Plaintiffs MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc. move for default judgment against Defendants MERS, Inc and Mortgage Electronic Registration System, Inc. The Court hereby SUBMITS the motion for decision without oral argument and VACATES the hearing scheduled for May 11, 2017. *See* Civ. L.R. 7-1(b). The motion is GRANTED for the reasons discussed below.

**I. BACKGROUND**

Plaintiffs' complaint alleges the following facts: Plaintiff Mortgage Electronic Registration System, Inc., a wholly-owned subsidiary of MERSCORP Holdings, Inc., serves as the beneficiary or mortgagee of record and nominee for the beneficial owner of mortgage loans registered on the MERS® System database. Compl. ¶¶ 1-2, 11, ECF 1. While there have been various iterations of their company names over time, Plaintiffs have continuously used the trade names "MERSCORP" and "Mortgage Electronic Registration Systems, Inc." in connection with the above-described services since 1995. *Id.* ¶¶ 8-12 and n.1. Additionally, Plaintiff MERSCORP Holdings, Inc. owns the federal trademark registration for the MERS® word mark, which was issued in 1997. *Id.* ¶ 13. That federal registration has obtained incontestable status. *Id.*

Defendants MERS, Inc and Mortgage Electronic Registration System, Inc. (MERS) appear to be bogus corporations with names that are confusingly similar to those of Plaintiffs MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc. Compl. ¶¶ 15-21. Plaintiffs filed this action on August 3, 2016, asserting claims for: (1) trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a); and (3) unfair competition under California Business & Professions Code § 17200. Compl., ECF 1. Plaintiffs obtained a temporary restraining order ("TRO") on an ex parte basis shortly thereafter. Order Granting TRO, ECF 15. The TRO enjoined Defendants from using Plaintiffs' marks and trade names and from maintaining active corporations with the names MERS, Inc or Mortgage Electronic Registration System, Inc. (MERS). TRO, ECF 16. The TRO also permitted Plaintiffs to serve Defendants by publication. *Id.* Plaintiffs thereafter filed proof of service on Defendants by publication. *See* POS, ECF 21.

On September 20, 2016, the Court issued a preliminary injunction against Defendants, enjoining them from: (1) using Plaintiffs' marks and trade names, or any confusingly similar versions thereof, in commerce in the United States; (2) maintaining an active corporation with the name MERS, Inc or Mortgage Electronic Registration System, Inc. (MERS) or any confusingly similar name; and (3) assisting, aiding, or abetting any other person or entity in engaging in or performing any of the above activities. Preliminary Injunction Order, ECF 23. The Court also ordered that if Defendants failed to comply with the injunction within fourteen days, Plaintiffs were appointed as authorized agents of Defendants for the limited purpose of preparing, executing, and filing Certificates of Amendment of Articles of Incorporation with the California Secretary of State to change Defendants' corporate names. *Id.*

Defendants failed to comply with the preliminary injunction within fourteen days, after which Plaintiffs prepared, executed, and filed Certificates of Amendment of Articles of Incorporation with the California Secretary of State to change Defendant MERS, Inc's corporate name to "Jack Lyles, Inc." and to change Defendant Mortgage Electronic Registration System, Inc. (MERS)'s corporate name to "Connie Vargas, Inc." Hilgard Decl. Exhs. B, C, ECF 27-2.

On January 17, 2017, Plaintiffs obtained a Clerk's entry of default against Defendants.

Plaintiffs now move for default judgment against Defendants, seeking a permanent injunction on the same terms as the preliminary injunction. Plaintiffs do not seek money damages.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, a court may grant default judgment against a defendant who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(b)(2). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The district court also must "assess the adequacy of the service of process on the party against whom default is requested." *DFSB Kollective Co., Ltd. v. Bourne*, 897 F. Supp. 2d 871, 877 (N.D. Cal. 2012) (internal quotation marks and citation omitted).

Even when those requirements are satisfied, the plaintiff is not automatically entitled to a default judgment, and "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, this Court must consider the following seven factors articulated by the Ninth Circuit in *Eitel v. McCool* ("*Eitel* factors"): "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In evaluating the *Eitel* factors, well-pled allegations in the complaint are taken as true, except those regarding damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The Court may, in its discretion, consider evidence submitted with a motion for default judgment to determine damages. *Id.*

## III. DISCUSSION

The Court is satisfied that it has both subject matter jurisdiction over the complaint and personal jurisdiction over Defendants and that service of process was adequate. Because the

3

complaint asserts claims for trademark infringement and false designation of origin under federal statutes, the Court has subject matter jurisdiction under both 28 U.S.C. §1331, conferring subject matter jurisdiction over civil actions arising under federal law, and 28 U.S.C. § 1338, conferring subject matter jurisdiction over civil actions arising under federal statutes relating to trademarks. The Court also has personal jurisdiction over Defendants because they are incorporated in California. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business."). Finally, service of process was properly effect by publication pursuant to this Court's order. *See* POS, ECF 21.

The Court likewise is satisfied that the *Eitel* factors weigh in favor of granting Plaintiffs' motion. With respect to the first factor, prejudice to the plaintiff, Plaintiffs would have no recourse absent entry of default judgment because Defendants have elected not to respond to the complaint. The second and third factors, addressing the merits of the plaintiff's claims and the sufficiency of the complaint, are satisfied if the plaintiff asserts claims upon which he may recover. *IO Group, Inc. v. Jordon*, 708 F. Supp. 2d 989, 997 (N.D. Cal. 2010). This Court previously determined that Plaintiffs are likely to succeed on the merits of their claims when it issued the preliminary injunction. *See* Preliminary Injunction Order, ECF 23. With respect to the fourth factor, the sum of money at stake, Plaintiffs do not seek money damages. The fifth factor, the possibility of a dispute regarding material facts, and the sixth factor, whether the default was due to excusable neglect, also weigh in favor of default judgment. Defendants have made no effort to dispute the facts alleged in the complaint despite being served with the action by publication and – presumably – being notified of their corporate name changes. Plaintiffs also mailed a copy of the present motion to Defendants' agents for service of process despite the fact that no notice of the motion was required. *See* POS, ECF 28; Fed. R. Civ. P. 55(b)(2) (requiring notice of motion for default judgment only when the party against whom default judgment is sought has appeared in the case). Nothing in the record suggests that Defendants' use of Plaintiffs' marks and trade names was the result of excusable neglect rather than intentional misconduct. The seventh and final factor, the strong public policy favoring decisions on the

merits, does not preclude default judgment when the other *Eitel* factors favor it. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Defendants' failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Id.*

Having concluded that the *Eitel* factors favor granting Plaintiffs' motion, the Court next must determine whether the permanent injunctive relief sought by Plaintiffs is appropriate. "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). In order to obtain permanent injunctive relief, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiffs allege facts in their complaint, which are taken as true, establishing that Defendants' use of Plaintiffs' marks and trade names has caused a significant amount of mail intended for Plaintiffs to be diverted to Defendants. Compl. ¶¶ 16-23. That mail includes legal documents and documents associated with Plaintiffs' mortgage registration business. *Id.* Plaintiffs manage a large volume of legal cases, and their ability to meet important deadlines is impaired by the misdirected mail, process servers, and delivery personnel. *Id.* ¶ 23. Monetary damages would not solve the ongoing impairment to Plaintiffs' business and reputation. Because it does not appear that either of the defendant companies is a going concern, it is unclear how a preliminary injunction precluding Defendants from using Plaintiffs' marks and trade names would harm them. This is particularly true where, as here, Defendants' corporate names already have been changed pursuant to the authority granted to Plaintiffs in the preliminary injunction order. And finally, public policy favors granting an injunction when there is a likelihood of consumer confusion. *See Playboy Enterprises, Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982) ("In addition to the harm caused the trademark owner, the consuming public is equally injured by an inadequate judicial response to trademark infringement.").

Accordingly, Plaintiffs' motion for default judgment, including permanent injunctive relief, is GRANTED. Plaintiffs have submitted a Proposed Judgment and Permanent Injunction that is consistent with the present order and with the terms of the preliminary injunction previously issued by the Court. The Court issues that Judgment and Permanent Injunction simultaneously with the present order.

## IV. ORDER

Plaintiffs' motion for default judgment is GRANTED.

Dated: May 3, 2017

_____
BETH LABSON FREEMAN
United States District Judge